1  David J. Kaminski (SBN 128509)
   Kaminskid@cmtlaw.com
2  Stephen A. Watkins (SBN 205175)
   Watkinss@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant,
   CMRE FINANCIAL SERVICES, INC.

7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11 LARRY L'HEUREUX,                )   CASE NO. '13CV0059 IEG  BLM
                                   )
12              Plaintiff,          )
                                   )
13      vs.                        )   **NOTICE OF REMOVAL**
                                   )
14 CMRE FINANCIAL SERVICES, INC.,  )
                                   )
15              Defendant.          )
                                   )
16                                 )
                                   )
17 _____)

18      COMES NOW Defendant CMRE FINANCIAL SERVICES, INC., (hereinafter

19 "Defendant"), by its attorneys, and answers the Complaint of Plaintiff LARRY L'HEUREUX

20 ("Plaintiff") as follows:

21              **A. INTRODUCTION**

22      1.   Defendant is CMRE FINANCIAL SERVICES, INC. ("Defendant"); Plaintiff is

23 LARRY L'HEUREUX ("Plaintiff").

24      2.   Upon information and belief, Plaintiff initially filed this case on November 1, 2012,

25 in the Superior Court of California, County of San Diego, Case No. 37-2012-00058861-CL-NP-

26 NC. A true and correct copy of Plaintiff's original Summons and Complaint is attached hereto as

27 Exhibit "A".

28 / / /

1

3. On December 10, 2012, Defendant was personally served with the Summons and a copy of Plaintiff's Complaint.

4. As service of the Summons and Plaintiff's Complaint is deemed completed on December 10, 2012 (California *Code of Civil Procedure* §415.40), Defendant has filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

### B. BASIS FOR REMOVAL

5. Removal is proper because Plaintiff's Complaint involves a federal question. 28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996). Specifically, Plaintiff has alleged claims that arise under 15 U.S.C. § 1692, *et seq.*, for alleged violation of the Fair Debt Collection Practices Act and claims under 47 U.S.C.§ 227, the Federal Telephone Consumer Protection Act ("TCPA").

6. "Where it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction…" *Smith v. Kansas City Title and Trust Co.*, 255 U.S. 180, 41 S. Ct. 243, 65 L. Ed. 577 (1921) (Court upheld federal jurisdiction over the case because the state claim embraced a federal question). A case may "arise under" federal law for purposes of 28 U.S.C. § 1331 even when a state cause of action is asserted, however, "where the vindication of a right under state law necessarily turns on some construction of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). The question then is whether plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute."

7. Similarly, to bring a case within (arising-under jurisdiction), a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. *Gully v. First Nat'l Bank* (U.S. 1936) 299 U.S. 109, 112, 112, 57 S. Ct. 96, 97.

2

Notice of Removal

07376.00:190659

8. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

9. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

## C. JURY DEMAND

10. Plaintiff demands a jury in the state court action. Defendant demands a jury trial.

## D. CONCLUSION

11. Defendant respectfully requests removal of this action as it involves a Federal question under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

DATED: January 9, 2013              CARLSON & MESSER LLP


By  /s/ David J. Kaminski
    David J. Kaminski
    Stephen A. Watkins
    Attorneys for Defendant,
    CMRE FINANCIAL SERVICES, INC.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

3

Notice of Removal

07376.00:190659